PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ANGEL COLÓN ET AL., Defendants and Appellants.

No. 3023. Argued February 1, 1927.—Decided July 22, 1927.

*Mariano* and *Federico Acosta Velarde* for the appellants. *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The information in this case reads in part as follows:

"The district attorney presents this information against Ángel Colón, José Ingles and Diego Ramos for the crime of voluntary homicide, committed as follows: The said defendants, Ángel Colón, José Ingles and Diego Ramos, prior to the presentation of this information, or on or about December 5, 1925, in the municipality of Aguadilla, which forms part of the judicial district of Aguadilla, then and there, unlawfully and wilfully and while locomotive No. 83 of the American Railroad Company of Porto Rico was backing and pushing a train in the direction of the Playa station of the City of Aguadilla, the first as engineer, the second as fireman, and the third as brakeman of said locomotive No. 83 of the American Railroad Company of Porto Rico, without exercising due caution and acting carelessly and negligently, caused Leonor Llorens to be run over by the last car of that train, severing her head from her body and instantly killing the said Leonor Llorens on the 5th of December, 1925."

On being arraigned the defendants moved for a bill of particulars and the motion was overruled by the court. They then demurred and the demurrer was overruled. They were tried and found guilty by the jury. They moved for a new trial and the court overruled that motion and rendered judgment against the defendants, sentencing each of them to one month in jail. They appealed and in their brief allege that the

court erred (1) in overruling the motion for a bill of particulars, (2) in overruling the demurrer, and (3) in overruling the motion for a new trial.

The *Fiscal* of this court admits in his brief that the first of the assignments is well grounded, to which we agree.

In *People* v. *Piñero,* 31 P.R.R. 1, this court said:

"In this case the defendant moved for a bill of particulars and it was denied. In support of his application the defendant merely said that he could not prepare his defense without knowing the facts, acts or omissions charged as unlawful, or constituting lack of due caution and prudence. He should have been more explicit in order to convince the court that otherwise it would be impossible or difficult for him to prepare his defense, and for that reason we are reluctant to hold that the court abused its discretion in overruling the motion; but our examination of the evidence shows that in fact the act charged could have occurred in several different ways, for some witnesses testified that the defendant was running the electric car at great speed; others that he gave no signal with the bell, and others that the head-light of the car was off and that he was not watching the track because he was distracted in looking at some girls who were passing along the right sidewalk of the street. All this convinces us that, in furtherance of justice and in the exercise of our general power, we should reverse the judgment appealed from and remand the case with instructions to sustain the motion for a bill of particulars."

An examination of the facts in the present case shows a similar situation to that in the *Piñero Case, supra*. Moreover, here the motion, as stated, was detailed (filling two typewritten pages) and the case is stronger because it involves three defendants. Referring to this fact the *Fiscal* says in his brief:

"There is another ground why we feel inclined still further to acquiesce in a reversal of the judgment, because, as the court will see, the information charges lack of care and caution in the handling of a locomotive by three defendants, one of them alleged to be the engineer, another the fireman, and the third the brakeman of the said locomotive. This being so, if there could be a case in which in our opinion a motion for a bill of particulars should be granted,

it is the present case where contrary to the usual and ordinary manner, that is, charging the person handling the locomotive with the offense, the same is imputed to two more persons who by the nature of their duties in the handling of the locomotive as brakeman and fireman, do not appear clearly to have had any share in the act, that is, lack of proper care in handling the locomotive.

"Undoubtedly, in order to convict a person of an offense of that nature it must be the personal and individual act of the person so acting.

"To find a person guilty of homicide because of the performance of a negligent act causing death, the negligent act must have been his personal and individual act. And where a person having charge of a locomotive stops it and goes away and another comes and sets it in motion, by reason of which a person is killed, the one who went away is not criminally responsible for the death. Nor can a railway brakeman, having no control of the engine, be held responsible for the killing of a person resulting from a neglect of duty on the part of the engineer and fireman. Wharton on Homicide, 3rd Ed. p. 722."

Having arrived at the foregoing conclusion, it becomes unnecessary to consider the other assignments of error.

The judgment appealed from must be reversed and the case remanded for further proceedings not inconsistent with this opinion.